Terry R. WHITE, Plaintiff–Appellant,

v.

BLACKFOOT SCHOOL DISTRICT NO. 55; Dewane Wren; Steven Norton, Defendants–Appellees.

No. 99–35820.
D.C. No. CV–97–00284–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided March 27, 2001.

Before PREGERSON, THOMAS and GOULD, Circuit Judges.

## MEMORANDUM *

Appellant Terry White appeals the district court's grant of summary judgment on his claims of religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Idaho Human Rights Act Idaho Code § 67–5901 et seq.; violations of the Idaho Protection of Public Employees Act, Idaho Code § 6–2104; breach of contract; and violations of the covenant of good faith and fair dealing and public policy. Because the parties are familiar with the facts and procedural history of this case we will not recount it here except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand this case to the district court for trial.

I

■ Genuine issues of material fact preclude summary judgment on White's claims of discrimination under Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act. In assessing the appropriateness of a grant of summary judgment, we must view the evidence in the light most favorable to the nonmoving party. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

We examine the plaintiffs' claims under the burden-shifting analysis enunciated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). White established a prima facie case by showing that he was a Catholic in a workplace dominated by members of the Church of Jesus Christ of Latter Day Saints; he was the only employee terminated in a district reorganization; and that he was replaced by a member of the LDS church who was less qualified in terms of the financial management aspects of the position. The defendants proffered a legitimate, nondiscriminatory reason for not renewing White's contract, namely that the new superintendent wished to consolidate the positions of business operations and assistant superintendent and that White was not qualified to perform the educational tasks associated with the combined position. Under *McDonnell Douglas*, the burden then shifted to White to show that there were genuine issues of material fact as to whether the explanation offered by the defendants was pretextual.

■ A plaintiff may fulfill this ultimate burden of persuading the court that he was the victim of intentional discrimination "[e]ither directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (citing *McDonnell Douglas*, 411 U.S. at 804–805). In this case, White offered sufficient evidence of pretext to survive summary judgment including, but not limited to: (1) the fact that he was the only administrator not to receive a renewal notice prior to the new superintendent as-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

suming duties and prior to the adoption of the reorganization plan; (2) although one of the purported goals of consolidation was to save money, consolidation of positions cost the district more money; (3) the employee who replaced White was underqualified, but paid more money; and (4) the district was in solid financial condition and a reduction in force was unnecessary. These facts, among others, are sufficient to create a genuine issue of material fact as to whether the school district's explanation is "unworthy of credence." Therefore, the grant of summary judgment was inappropriate.

█ The district court examined the case under a "mixed motives" analysis. Although the district court's reasoning as to the "mixed motive" theory may have been correct, White was entitled to proceed under both a mixed motive or pretext theory. *Washington v. Garrett,* 10 F.3d 1421, 1429 (9th Cir.1994). Because White's discrimination claim survives summary judgment on a pretext theory, rejection of the claim under an exclusive mixed motives analysis was improper.

## II

█ The district court correctly granted summary judgment on White's claim of retaliation. A prima facie case in a retaliation claim includes proof that (1) the plaintiff engaged in protected activity, (2) after doing so, he or she was subjected to adverse employment action by his employer, and (3) a causal connection exists between the two events. *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir. 1982). Causation is established when the plaintiff can show that (1) the employer knew about the protected activity, and (2) the two events were sufficiently related in time to establish a retaliatory motive. *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 731–32 (9th Cir.1986).

█ White's claim fails for lack of causation. White claims that his discharge in 1996 was retaliation for his 1990 opposition to a proposal that would allow LDS Bishops to receive compensated leave to perform community service. A six year gap between the act and the retaliation is too long a period to establish that "the two events were sufficiently related in time to establish a retaliatory motive." Thus, absent any other proof, the mere existence of two events is insufficient to create a prima facie retaliation claim.

## III

█ The district court did not err in granting summary judgment on White's breach of contract claim. White alleges that his contract entitles him to the protections of Idaho Code § 33–515. However, in order to claim the benefit of § 33–515, a school district employee must be either a certificated teacher, a school nurse or a school librarian. School business managers, such as White, are not included among the protected categories. Further, White did not hold a certificate from the Department of Education; his first contract was labeled "Non certified special program employee agreement;" and he admits no one ever represented to him that he was a certificated employee. Indeed, the board changed a school district policy to specifically require only *certificated* administrative staff to live within the district so that White could live outside the district. Thus, § 33–515 was not incorporated into his contract. Summary judgment was appropriately granted on the breach of contract claim.

## IV

█ The district court properly granted summary judgment on White's claim founded on the Idaho Protection of Public

Employee Act, Idaho Code § 6–2104. As a predicate for recovery under the statute, an employee must file a civil action within 180 days of the act forming the basis of the claim. Idaho Code § 6–2105. White failed to so; therefore, his claim is barred. His filing of an administrative claim for retaliation under Title VII with the Idaho Human Rights Commission was not sufficient to toll the time from running on this distinct cause of action.

## V

The district court properly granted summary judgment on White's claim of violation of the covenant of good faith and fair dealing. Under Idaho law, a breach of the covenant occurs when any action is taken "which violates, nullifies or significantly impairs any benefit or right which either party has in the employment contract, whether express or implied[.]" *Metcalf v. Intermountain Gas Co.*, 116 Idaho 622, 778 P.2d 744, 749 (Idaho 1989). In this case, White was not terminated; his annual contract was not renewed. Thus, any rights he had under the contract itself expired when the contract term ended. The only right claimed by White that could have been breached during the contract term was the statutory right of renewal under Idaho Code § 33–515. However, as we have previously discussed, the statutory coverage of § 33–515 did not include White's position.

For similar reasons, the district court's grant of summary judgment on the wrongful termination in violation of public policy was proper. White was not discharged and does not allege constructive discharge. The Idaho Supreme Court has not yet extended this cause of action to cases of non-renewal.

## VI

In sum, we reverse the district court's grant of summary judgment on White's claims of religious discrimination under Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act. In all other respects, we affirm the judgment of the district court. Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.